UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALICIA LOESCH-SIMMONS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-777 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for partial summary judgment filed by defendant Wal-Mart Stores Texas, LLC.[1] Dkt. 23 at 1. Plaintiff Alicia Loesch-Simmons did not respond.[2] Having considered the motion, record, and applicable law, the court is of the opinion that Wal-Mart's motion should be GRANTED.

### I. BACKGROUND

This is a personal injury case. Wal-Mart owns a store located at 150 West El Dorado Boulevard, Friendswood, Texas 77546. Dkt. 23, Ex. A at 2. On May 16, 2015, Loesch-Simmons entered the store to shop. *Id.* During her visit, Loesch-Simmons slipped and fell in "condensation/water left standing on the floor." *Id.* She "landed forcefully on the ground," and as a result, "sustained severe and extensive injuries to her body." *Id.* Loesch-Simmons could not

---

[1] The court construes this as a motion for partial summary judgment because it does not seek to dispose of Loesch-Simmons's premises liability claim. Dkt. 23 at 1 ("Plaintiff sued Defendant Wal-Mart Stores Texas, LLC and alleges premises liability, negligence, gross negligence, and malice. This motion addresses Plaintiff's claims for 1) negligence; 2) gross negligence; and 3) malice."). Thus, although the court grants this motion, it does not resolve all of the issues with this case.

[2] Loesch-Simmons is unopposed to Wal-Mart's motion. S.D. Tex. L.R. 7.4.

determine the source of the water. Dkt. 23, Ex. B at 32. Nor could she determine if any Wal-Mart employee knew about it before her fall. *Id*.

On February 23, 2017, Loesch-Simmons sued Wal-Mart in state court, alleging premises liability, negligence, gross negligence, and malice. Dkt. 23, Ex. A. She seeks monetary damages. *Id.* Wal-Mart removed to this court. Dkt. 1. Here, Wal-Mart moves for summary judgment on Loesch-Simmons's claims of negligence, gross negligence, and malice. Dkt. 23 at 1. Loesch-Simmons has not responded.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall.*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

### A. Negligence

Wal-Mart moves for summary judgment on Loesch-Simmons's negligence claim. Under Texas law, "[r]ecovery on a negligent activity theory requires that the person have been injured by

2

or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010).

Wal-Mart argues that Loesch-Simmons cannot recover for negligence because she bases her claim on a condition rather than an activity. Dkt. 23 at 5. In support of this argument, Wal-Mart cites a Texas case for the proposition that a successful negligence claim must be based on an activity and not a condition. *Id.* at 4 (citing *Keetch*, 845 S.W.2d at 263-64).

In *Keetch*, the Texas Supreme Court determined that "there was not ongoing activity when [the plaintiff] was injured." 845 S.W.2d at 264. Like Loesch-Simmons, the *Keetch* plaintiff was injured after slipping and falling in a grocery store. *Id.* at 263–64. However, unlike this case, *Keetch* involved a substance that an employee sprayed at least thirty minutes before the injury. *Id.* *Keetch* explained that the plaintiff "may have been injured by a condition created by the spraying but she was not injured by the activity of spraying." *Id.* Therefore, the facts did not support a jury instruction on a negligent activity theory of liability. *Id.*

Loesch-Simmons's negligence claim fails for the same reasons. *See id.* When Loesch-Simmons fell, no evidence shows an activity was ongoing. Dkt. 23, Ex. B at 40. Because all evidence indicates that Loesch-Simmons's injury occurred due to a condition, her claim falls under premises liability, not negligence. Thus, she cannot recover for negligence. Accordingly, Wal-Mart's motion is GRANTED as to the negligence claim and it is DISMISSED with PREJUDICE.

**B. Gross negligence**

Wal-Mart also seeks a summary judgement on Loesch-Simmons's gross negligence claim. Dkt. 23 at 6. Wal-Mart argues that Loesch-Simmons has provided insufficient evidence of gross negligence. *Id.*

To recover under a gross negligence theory, Loesch-Simmons must show that:

> (1) viewed objectively from the actor's standpoint, the act or omission . . . involve[d] an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor [had] actual, subjective awareness of the risk involved, but nevertheless proceed[ed] in conscious indifference to the rights, safety, or welfare of others.

*Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). "Evidence of simple negligence is not enough to prove either the objective or subjective elements of gross negligence." *Id.*

Under the first prong, "extreme risk" requires a showing of "the likelihood of serious injury to the plaintiff." *Id.* In addition, "the situation must be such that the act would reasonably be thought to be highly dangerous." *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1994) (citing *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 573 (Tex. 1985)).

The second prong "requires that the defendant knew about the risk, but that the defendant's acts or omissions demonstrated indifference to the consequences of its acts." *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012).

*Alexander* involved a seventy-seven-year-old customer who was injured at a store after tripping on a ridge at the base of a concrete ramp. 868 S.W.2d at 323. There, the store's management knew about the ridge before the customer tripped. *Id.* at 324. Nonetheless, the court held that no evidence showed an extreme degree of risk. *Id.* at 327. The court looked to the three

4

months before the accident, when the store averaged 50,000 patrons per month and only received one report of a person stumbling over the ridge. *Id.*

Similarly, Loesch-Simmons cannot satisfy the first prong. No evidence exists to show that "water left standing on the floor" qualifies as highly dangerous or likely to cause serious injury when a known permanent hazard such as a ridge does not. *Compare Alexander*, 868 S.W.2d at 327, *with* Dkt. 23, Ex. A at 2.

Furthermore, Loesch-Simmons admits that she "didn't see anything" before the accident. Dkt. 23, Ex. B at 32. Additionally, no evidence shows that any Wal-Mart employee knew about the water prior to the accident. *Id.* at 40. For this reason, she cannot satisfy the second prong, either.

Because Loesch-Simmons cannot satisfy either prong, she cannot recover for gross negligence. Accordingly, Wal-Mart's motion is GRANTED as to gross negligence and that claim is DISMISSED with PREJUDICE.

**C. Malice**

Wal-Mart moves for summary judgment on Loesch-Simmons's malice claim. Dkt. 23 at 10. Malice requires "a specific intent by the defendant to cause substantial harm to the claimant." Tex. Civ. Prac. & Rem. Code § 41.001(7) (West 2015). Nothing in the record shows that any Wal-Mart employee knew about the water before the accident. Dkt. 23, Ex. B at 40. Nor does any evidence reflect a "specific intent to cause substantial harm." *Id.* For these reasons, Loesch-Simmons's malice claim rests on insufficient evidence.

Because Loesch-Simmons cannot satisfy the intent element, she cannot recover for malice. Accordingly, Wal-Mart's motion is GRANTED as to malice and that claim is DISMISSED with PREJUDICE.

## IV. Conclusion

Wal-Mart demonstrated the absence of a genuine issue of material fact on Loesch-Simmons's claims for negligence, gross negligence, and malice. Loesch-Simmons did not respond and thus she failed to designate specific facts showing a genuine issue for trial on any of those claims. Because no fact issue exists, Wal-Mart is entitled to judgement as a matter of law. Accordingly, the instant motion (Dkt. 23) is GRANTED. Thus, Loesch's claims against Wal-Mart for negligence, gross negligence, and malice are DISMISSED with PREJUDICE.

Signed at Houston, Texas on June 25, 2018.

_____
Gray H. Miller
United States District Judge